Swartz, Appellant, vs. Sommerfeldt and another, Respondents.

*January 9—February 7, 1956.*

18

For the appellant there were briefs and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* and *Roy E. Berg,* all of Janesville.

MARTIN, J.  The only question presented on this appeal is whether defendant's negligence in either of the respects found by the jury was causal as a matter of law.

Both items of negligence found by the jury are grounded in defendant's failure to observe the proximity of the plaintiff's car before he made his turn.  The jury must have believed that a proper observation would have disclosed plaintiff's presence; otherwise it could not have found defendant negligent of deviating from his lane of travel *"without first ascertaining* that such movement could be made with safety to other vehicles approaching from the rear" (sec. 85.16 (2), Stats.).  It was defendant's duty to see only such vehicles to his rear as could be seen.  If, under all the circumstances, plaintiff's car could not be seen by him, the jury could not find him negligent in the first respect.  Likewise, as to failure to give a signal (sec. 85.175 (1) and (2)), it could not have found him negligent unless it believed that he could and should have seen the plaintiff's car, since the law requires a signal only under circumstances where other traffic may be affected by the contemplated turn.

The evidence supports the jury's findings as to negligence. It was not incumbent upon it to believe plaintiff's testimony that the two cars were parallel for 100–150 feet before defendant turned, and obviously it did not, since if that were true defendant could not have avoided seeing plaintiff's car before he turned. It is undisputed, however, that the distance between the curve and the driveway approximated one-quarter mile or 1,320 feet. Considering such distance together with plaintiff's estimated speed and the fact that his car was struck on the right side, the conclusion is inescapable that wherever plaintiff's car was when defendant prepared to turn, it would have been visible to the defendant had he made a proper observation to the rear. Even if plaintiff were traveling at 80 miles per hour during that entire distance, he was behind the defendant for at least ten seconds before the turn was made on a stretch of road where nothing interfered with defendant's ability to see him.

It is argued that plaintiff must have known defendant intended to turn and a signal would have told him nothing he did not already know. That is beside the point here. Defendant's negligence must be held to be causal, not because a signal would have made it possible for the plaintiff to avoid being struck, but because the failure to see plaintiff's car was the basis of defendant's mistaken belief that he could make the turn in safety. In other words, it is presumed that defendant would not have turned had he known of the plaintiff's proximity, a fact he would have known had he not been negligent in failing to make the observation which the law requires.

The accident happened because defendant, without ascertaining that plaintiff was approaching from the rear, turned left as plaintiff's automobile came up alongside. Whether plaintiff's operation of his vehicle was negligence which contributed to the accident was not submitted to the jury and is not before us on this appeal. The trial court ruled that

plaintiff was exempted from actionable negligence under sec. 85.12 (5), Stats., and denied defendant's motion to include in the special verdict issues as to plaintiff's negligence. The statute, after providing for the exemption, states:

"This exemption shall not, however, protect the operator of any such vehicle from the consequences of a reckless disregard of the safety of others."

Defendant did not allege that plaintiff's operation of his patrol car amounted to recklessness nor did he request submission of such a question to the jury.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiff in the amount found by the jury.